CHARLES F. COLBERT JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11629.    Promulgated June 13, 1928.

*George D. Wick, Esq.*, and *W. A. Seifert, Esq.*, for the petitioner.
*Clark T. Brown, Esq.*, for the respondent.

OPINION.

SIEFKIN: The issue is whether the petitioner or his wife is taxable on one-third of the income of a partnership in 1920. The petitioner insists that the case of *Ormsby McKnight Mitchel*, 1 B. T. A. 143; 9 Fed. (2d) 414; 15 Fed. (2d) 287, does not apply and says that the petitioner received the income from the partnership as a trustee for his wife and refers to our decisions in *C. R. Thomas*, 8 B. T. A. 118; *William I. Paulson, et al.*, 10 B. T. A. 732, and to *O'Malley-Keyes* v. *Eaton*, 24 Fed. (2d) 436, decided January 21, 1928, by the United States District Court for the District of Connecticut. He also refers to the Uniform Partnership Act as adopted in Pennsylvania, the sections relied upon being as follows:

A conveyance by a partner of his interest in the partnership does not of itself dissolve the partnership, nor, as against the other, in the absence of agreement, entitle the assignee, during the continuance of the partnership, to interfere in the management or administration of the partnership business or affairs, or to require any information or account of partnership transactions, or to inspect the partnership books; but it merely entitles the assignee to receive, in accordance with his contract, the profits to which the assigning partner would otherwise be entitled. (Act of March 26, 1915, P. L. 18, paragraph 5, section 27, subsection (1).)

\* \* \* \* \* \* \*

A partner's interest in the partnership is his share of the profits and surplus, and the same is personal property. (Act of March 26, 1915, P. L. 18, Section 26.)

Reliance is also placed upon the case of *Hellman* v. *United States*, (Court of Claims, decided July 25, 1927), in which weight is given to the segregation of partnership income as shown upon the sworn partnership return, and it is argued that in this proceeding the returns filed by the partnership are conclusive that the wife and not the husband was a partner in the business of the United States Fuel Co. We do

not believe the decision of the Court of Claims goes to the length suggested by the petitioner nor sheds light upon the question involved, except unfavorably to the petitioner. In the last paragraph of the court's opinion it is said:

We are of opinion that the plaintiff's contract with some of his partners selling and assigning 199/800 of his 20 per cent interest in the net profits of the partnership does not affect the question at issue here. This was merely a side agreement which did not alter the responsibilities or the obligations of the plaintiff or the character of his interest under the partnership agreement. It was a matter between him and his partners and cannot be injected into the case as affecting the issue here between him and the government. We are of opinion that the action of the Commissioner of Internal Revenue in making the assessment of the plaintiff for taxation was right and that the petition should be dismissed, and it is so ordered.

Nor is the citation of the Uniform Partnership Act of value in determining the question. Before we can apply the provisions of that Act, we must determine whether the petitioner ceased to be a partner.

We are, therefore, led back to a consideration of the instrument relied upon as shifting the tax burden to the petitioner's wife. That instrument does not purport to do more than operate as an assignment of profits of the partnership enterprise. The acts of the parties are also consistent with the instrument. In our opinion the case is exactly covered by the *Mitchel* case, *supra*, and the action of the respondent in treating the income from the partnership as that of the petitioner must be approved. The cases relied upon by the petitioner are all cases in which there was an assignment of something in being. In the *Paulson* case the assignment was of a royalty interest in oil and gas leases, property the subject of sale. In *O'Malley-Keyes* v. *Eaton* the assignment was a portion of a beneficial interest under a will. In the *Thomas* case it is clear that an interest in the business was the subject of transfer. In this proceeding we believe there was a bare assignment of income to be earned and that no interest was transferred. The assignment was of " the profits henceforth hereafter to accrue * * * on *my one-third interest* of and in the said partnership of United Fuel Company, * * *." (Italics supplied.)

In the case of *W. W. Parshall*, 7 B. T. A. 318, at page 321, this Board said, commenting on the *Mitchel* case, *supra:*

There was no attempt on his (Mitchel's) part to convey to his wife his interest in the partnership or any part thereof. She received no vested right in the partnership as such. All she received was a right to demand from him one-half of the profit he received from that business.

See also *Bing* v. *Bowers*, 22 Fed. (2d) 450.

*Judgment will be entered for the respondent.*